# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **NIKITA SELIVERSTOV,**<br>**A#204 648 476,** | § <br> § <br> § | |
| **Petitioner,** | § <br> § <br> § | |
| **v.** | § <br> § | |
| | § | **SA-20-CV-00116-DAE** |
| **ANDREW HURON,** | § | |
| **Officer–In–Charge, South Texas ICE** | § | |
| **Processing Center, JOSE M. CORREA** | § | |
| **SR., San Antonio Field Office Director,** | § | |
| **United States Immigration and Customs** | § | |
| **Enforcement, Office of Enforcement and** | § | |
| **Removal Operations, Department of** | § | |
| **Homeland Security; TONY H. PHAM,** | § | |
| **Acting Director, United States Immigration** | § | |
| **and Customs Enforcement; TAE D.** | § | |
| **JOHNSON, Deputy Director, United States** | § | |
| **Immigration and Customs Enforcement;** | § | |
| **RAY CASTRO, Warden, South Texas ICE** | § | |
| **Processing Center,**[1] | § <br> § | |
| **Respondents.** | § <br> § | |

## ORDER OF DISMISSAL

Before the Court are Petitioner Nikita Seliverstov's ("Seliverstov") *pro se* 28 U.S.C. § 2241

Petition for Writ of Habeas Corpus and Respondents' Motion to Dismiss. (ECF Nos. 1, 9).

---

[1] Rule 25(d) of the Federal Rules of Civil Procedure allows for the automatic substitution of an official's successor for an official sued in his official capacity. FED. R. CIV. P. 25(d). Since the filing of the Petition: (1) Jose M. Correa Sr. has replaced Daniel Bible as the San Antonio Field Operations Director, United States Immigration and Customs Enforcement, Office of Detention and Removal Operations; (2) Tony H. Pham has replaced Matthew T. Albence as the Acting Director, United States Immigration and Customs Enforcement; and (3) Tae D. Johnson has replaced Derek N. Benner as the Acting Deputy Director United States Immigration and Customs Enforcement. https://www.ice.gov/leadership (last visited Jan. 7, 2020). Accordingly, the Clerk of Court is directed to change the style of the case to substitute the replaced Respondents as set out in the style of this Order.

After review, the Court orders Seliverstov's section 2241 Petition and Respondents' Motion to Dismiss **DISMISSED WITHOUT PREJUDICE AS MOOT**. (ECF Nos. 1, 9).

### BACKGROUND

Seliverstov, a citizen of Russia, entered the United States in 2004. (ECF No. 1). Seliverstov entered the country with a valid VISA but overstayed its terms. (*Id.*). He was ordered removed July 31, 2019. (ECF Nos. 1, 9, Exh. A). He has been in the custody of Immigration and Customs Enforcement ("ICE") since that time. (ECF No. 1). Respondents have now filed an Advisory Regarding Removal stating Seliverstov was removed to Russia on December 2, 2020. (ECF No. 14, Exh. A).

### ANALYSIS

Prior to his removal, Seliverstov filed this section 2241 Petition challenging his continued detention as violating the presumptively reasonable post–order removal period of six months established in *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). (ECF No. 1). Because Seliverstov has been removed, the Court finds his Petition and Respondents' Motion to Dismiss moot. (ECF Nos. 1, 9).

### *Applicable Law*

"Article III of the Constitution limits federal 'Judicial Power,' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot, depriving the Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A party must continue to have a personal stake in the outcome of the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a

favorable judicial decision. *Id*. In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

### *Application*

In his Petition, Seliverstov requested that he be released under an order of supervision. (ECF No. 1). As set out above, Respondents have filed an Advisory with supporting documentation establishing Seliverstov is no longer detained by ICE and has been removed to his home country. (ECF No. 14, Exh. A). A search of the ICE online locator system confirms that Seliverstov is no longer in the custody of ICE. *See* https://locator.ice.gov/odls/#/results (last visited Jan. 7, 2020). The locator system returned "zero (0) matching records" in response to a search using both Seliverstov's "A–Number" and country of origin and his name and country of origin. *Id.* Because Seliverstov is no longer detained, the relief he seeks is no longer available. In other words, the Court can no longer redress his alleged injury with a favorable judicial decision. *See Spencer*, 523 U.S. at 7. Accordingly, Seliverstov's claim for relief is moot and his Petition is subject to dismissal, as is Respondents' Motion to Dismiss. *See id.*

**IT IS THEREFORE ORDERED** that Petitioner Nikita Seliverstov's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Dismiss (ECF No. 9) are **DISMISSED WITHOUT PREJUDICE AS MOOT**.

**SIGNED** January __8__, 2021.

_____
**David Alan Ezra**
**Senior United States District Judge**